**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| **CONTEMPORARY DISPLAY LLC,** |
| Plaintiff, |
| v. |
| **COX COMMUNICATIONS, INC.,** |
| Defendant. |

C.A. No.: _____

**JURY TRIAL DEMANDED**

**PATENT CASE**

<u>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff Contemporary Display LLC ("Plaintiff" or "Contemporary Display") files this Complaint against Cox Communications, Inc. ("Defendant") seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

<u>**PARTIES**</u>

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 5068 West Plano Parkway, Suite 300, Plano, TX 75093.

2.      Defendant Cox Communications, Inc. ("Defendant") is a corporation organized and existing under the laws of Delaware.  Defendant can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

<u>**JURISDICTION AND VENUE**</u>

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Defendant is subject to this Court's general personal jurisdiction, pursuant to due process and the Delaware Long-Arm Statute, due at least to Defendant being incorporated in Delaware and having a registered agent to receive service of process in Delaware.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).  Defendant resides in this District because Defendant is incorporated in Delaware.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,429,903)

6.      Plaintiff incorporates the above paragraphs by reference.

7.      On July 18, 2000, predecessors-in-interest to Contemporary Display filed United States Patent Application No. 09/618,618 entitled "VIDEO ADAPTER FOR SUPPORTING AT LEAST ONE TELEVISION MONITOR" with the USPTO.

8.      Application No. 09/618,618 is a continuation-in-part of United States Patent Application No. 09/479,129, which was filed on Jan. 7, 2000 and issued as United States Patent No. 6,100,936, which is a continuation of Application No. 08/922,614, filed on September 3, 1997 and issued as United States Patent No. 6,028,643.

9.      The USPTO duly and lawfully issued Application No. 09/618,618 as U.S. Patent No. 6,429,903 ("the '903 Patent") on August 6, 2002.  A true and correct copy of the '903 Patent is attached hereto as "**Exhibit 1**" and is incorporated herein by reference.  The '903 Patent is presumed valid.

10.     Plaintiff is the sole owner of the '903 Patent.

11.     The '903 Patent describes problems and shortcomings in the field of video adapters and their software.  *See, e.g.,* '903 Patent at col. 1, l. 21 – col. 3, l. 19.

12.    The '903 Patent describes products that address a technical problem—how to combine video adapters and control devices in order to determine what programming appears on what monitor as well as the manner in which the programming appears.  *See, e.g.,* '903 Patent at col. 1, l. 21 – col. 3, l. 19.

13.    The technological improvements described and claimed in the '903 Patent were not conventional, well-known, or routine at the time of their respective inventions but involved novel and non-obvious approaches to problems and shortcomings prevalent in the art at the time.  *See, e.g.,* '903 Patent at col. 1, l. 21 – col. 3:62.  The inventions claimed in the '903 Patent involve more than just the performance of well-understood, routine, or conventional activities known to the industry prior to the invention of such novel and non-obvious systems and devices. *See, e.g.,* '903 Patent at col. 1, l. 21 – col. 14, l. 67.

14.    As demonstrated by its citation in over 20 United States Patents by the USPTO, the '903 Patent represents a technical improvement in the area of delivering television programming which is categorized in domains for delivering navigational tools for providing information about and access to multiple channels or programs. *See, e.g.*,

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=%2Fnetahtml%2FPTO%2Fsearch-adv.htm&r=0&f=S&l=50&d=PTXT&RS=REF%2F6028643&Refine=Refine+Search&Query=REF%2F6429903.  The patents citing the '903 Patent include patents assigned to Mitsubishi, Sony Corporation, Samsung Electronics, Apple Computer, Intel Corporation, Texas Instruments Corporation, Hitachi, U.S. Philips Corporation, Ricoh Company, and Acer.

15.    As noted by the United States Patents, foreign patent documents, and other publications cited by the '903 Patent, the '903 Patent does not preempt the field of its invention or

3

preclude use of other methods or systems of delivering television programming to multiple monitors.

16.    Defendant uses, offers for sale, and sells DVRs in the United States, including, but not limited to, the Cox HD-DVR TV receivers ("Accused Infringing DVR Device").  The Accused Infringing DVR Device is a non-limiting example that was identified based on publicly available information, and Plaintiff reserves its right to identify additional infringing activities, products, and services, including, for example, on the basis of information obtained during discovery.

17.    The Accused Infringing DVR Device is a computer comprising a processor, mass memory capacity, input/out functionality, and circuitry for receiving at least one television programming input and displaying television programming corresponding thereto on multiple television monitors, said circuitry comprising: (a) at least one television programming input port for coupling at least one source of television programming to said circuitry; (b) at least one television tuner; (c) a video multiplexer coupled to the television tuner and adapted to be coupled to a plurality of television monitors, said video multiplexer coupled to a bus of the computer; said multiplexer also adapted to receive television programming and feed said programming to said television monitors, according to commands entered into said computer and sent to said multiplexer via said bus.  *See, e.g.,*

https://www.cox.com/residential/tv/tv-equipment.html;

https://www.cox.com/residential/education-center/tv/dvr.html;

https://forums.cox.com/forum_home/tv_forum/f/tv-forum/522/whole-home-dvr-network-with-one-dvr-vs-one-with-two-or-more-dvrs;

https://www.cox.com/content/dam/cox/residential/support/tv/images/sd_coax.png;

https://www.cox.com/residential/support/connecting-a-receiver-to-a-television.html;

https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide.pdf; https://www.telcoseek.com/assets/uploads/package/oxbundleguide151872758449.pdf.

18.     Defendant has infringed at least one claim of the '903 Patent (*e.g.*, claim 12) in the United States by making, using, offering for sale, selling, or importing the Accused Infringing DVR Device in violation of 35 U.S.C. § 271(a). *See, e.g.*, Preliminary Claim Chart (**Exhibit 2**).

19.     Plaintiff has been damaged by Defendant's infringement of the '903 Patent.

<u>COUNT II</u>

(INFRINGEMENT OF U.S. PATENT NO. 7,487,248)

20.     Plaintiff incorporates the above paragraphs by reference.

21.     On October 8, 2002, predecessor-in-interest to Contemporary Display filed United States Patent Application No. 10/266,908 entitled "METHOD AND SYSTEM FOR TRANSFERRING A COMPUTER SESSION BETWEEN DEVICES" with the USPTO.

22.     The USPTO duly and lawfully issued Application No. 10/266,908 as U.S. Patent No. 7,487,248 ("the '248 Patent") on February 3, 2009.  A true and correct copy of the '248 Patent is attached hereto as "**Exhibit 3**" and is incorporated herein by reference.  The '248 Patent is presumed valid.

23.     Plaintiff is the sole owner of the '248 Patent.

24.     The '248 Patent describes problems and shortcomings in the field of online communications sessions and, more particularly, transferring a computer session from one electronic device to another electronic device.  *See, e.g.,* '248 Patent at col. 1, l. 15-48.

25.     The '248 Patent describes systems and methods that address a technical problem—how to selectively transfer a computer session between two computer devices.  *See, e.g.,* '248 Patent at col. 1, l. 52-59.

26.    The technological improvements described and claimed in the '248 Patent were not conventional or routine at the time of their respective inventions but involved novel and non-obvious approaches to problems and shortcomings prevalent in the art at the time. *See, e.g.,* '248 Patent at col. 1, l. 15-48. The inventions claimed in the '248 Patent involve more than just the performance of well-understood, routine, or conventional activities known to the industry prior to the invention of such novel and non-obvious systems, methods, and devices. *See, e.g.,* '248 Patent at col. 1, l. 15 to col. 2, l. 19.

27.    As demonstrated by its frequent citation (over 70) by the USPTO in other later-issued patents, the '248 Patent represents a substantial technical improvement in the area of selectively transferring a computer session between two devices. *See*, *e.g.*,

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2FPTO%2Fsearch-bool.html&r=0&f=S&l=50&TERM1=+7487248&FIELD1=&co1=AND&TERM2=&FIELD2=&d=PTXT. The patents citing the '248 Patent include patents and patent applications assigned to Samsung Electronics, Microsoft, Yahoo!, Sony, Nokia, AT&T, Apple, Bank of America, Google, Chicago Mercantile Exchange, IBM, Hitachi, Oracle, AOL, Blackberry, Siemens, Motorola, Cisco, Nokia, Verizon, GE, Comcast, Intel, and T-Mobile. (https://patents.google.com/patent/US7487248B2/en?oq=7%2c487%2c248).

28.    As noted by United States Patents and other publications cited by the '248 Patent, the '248 Patent does not preempt the field of its invention or preclude the use of other methods and systems of transferring a computer session between devices.

29.    Defendant imports, uses, offers for sale, and sells the Accused Infringing DVR Device that performs the infringing method in the United States. The Accused Infringing DVR

Device, which performs the infringing method, is a non-limiting example that was identified based on publicly available information, and Plaintiff reserves its right to identify additional infringing activities, products, and services, including, for example, on the basis of information obtained during discovery.

30.    The Accused Infringing DVR Device performs a method for transferring a computer session from a first device to a second device, the method comprising the steps: (a) enabling a user to initiate a computer session via the first device, the computer session facilitated via a first communication link between the first device and a third device accessed over a network; (b) enabling the user to selectively initiate a transfer of the computer session to the second device; (c) establishing a second communication link between the first device and the second device; and (d) enabling the computer session to be continued on the second device by employing the first device as a proxy for the second device through use of the first and second communication links, wherein after transferring the computer session to the second device communications between the second device and the third device are routed through the first device via the first and second communication links. *See, e.g.,*

https://www.cox.com/residential/tv/tv-equipment.html;

http://forums.cox.com/forum_home/tv_forum/f/tv-forum/18201/watching-a-program-in-more-than-one-room;

https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide.pdf; https://www.cox.com/content/dam/cox/residential/support/tv/images/sd_coax.png;

https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide.pdf; https://www.cox.com/residential/support/accessing-and-viewing-contour-2-on-demand-tv-shows-and-movies.html; https://www.youtube.com/watch?v=xipdkIFZmUo;

http://forums.cox.com/forum_home/tv_forum/f/tv-forum/8975/just-bought-a-dvr-dvr-network-is-greyed-out-on-all-the-other-cable-boxes;

https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide_2018.pdf; https://www.cox.com/residential/education-center/tv/contour1-dvr.html;

https://www.telcoseek.com/assets/uploads/package/oxbundleguide151872758449.pdf;

https://www.cox.com/aboutus/policies.html; and

https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide_2018.pdf.

31.    Defendant has infringed at least one claim of the '248 Patent (*e.g.*, claim 1) in the United States by making, using, offering for sale, selling, or importing the Accused Infringing DVR Device in violation of 35 U.S.C. § 271(a). *See, e.g.*, Preliminary Claim Chart (**Exhibit 4**).

32.    Defendant has also infringed, and continues to infringe, at least one claim of the '248 Patent (*e.g.,* claim 1) by actively inducing others to use, offer for sale, and sell the Accused Infringing DVR Device.  Defendant's customers who use those devices in accordance with Defendant's instructions infringe at least one claim of the '248 Patent (*e.g.,* claim 1), in violation of 35 U.S.C. § 271(a).  Defendant intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:

https://www.cox.com/residential/tv/tv-equipment.html;

http://forums.cox.com/forum_home/tv_forum/f/tv-forum/18201/watching-a-program-in-more-than-one-room;

https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide.pdf; https://www.cox.com/content/dam/cox/residential/support/tv/images/sd_coax.png;

https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide.p

df; https://www.cox.com/residential/support/accessing-and-viewing-contour-2-on-demand-tv-shows-and-movies.html; https://www.youtube.com/watch?v=xipdkIFZmUo; http://forums.cox.com/forum_home/tv_forum/f/tv-forum/8975/just-bought-a-dvr-dvr-network-is-greyed-out-on-all-the-other-cable-boxes; https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide_2018.pdf; https://www.cox.com/residential/education-center/tv/contour1-dvr.html; https://www.telcoseek.com/assets/uploads/package/oxbundleguide151872758449.pdf; https://www.cox.com/aboutus/policies.html; and https://www.cox.com/content/dam/cox/business/documents/voice/Contour_User_Guide_2018.pdf.

Defendant also induces infringement by others by failing to remove or diminish the infringing features of the Accused Infringing DVR Device. Defendant is thereby liable for infringement of the '248 Patent under 35 U.S.C. § 271(b).

33.   Defendant will have been on notice of the '248 Patent since, at the latest, the service of this complaint upon it. By the time of trial, Defendant will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least one claim of the '248 Patent (*e.g.,* claim 1).

34.   Plaintiff has been damaged by Defendant's infringement of the '248 Patent.

**COUNT III**

(INFRINGEMENT OF U.S. PATENT NO. 7,809,842)

35.   Plaintiff incorporates the above paragraphs by reference.

36.   On February 1, 2009, predecessors-in-interest to Contemporary Display filed United States Patent Application No. 12/363,781 entitled "TRANSFERRING SESSIONS BETWEEN DEVICES" with the USPTO. Application No. 12/363,781 is a continuation of United

States Patent Application No. 10/266,908, filed on October 8, 2002, and issued as United States Patent No. 7,487,248.

37.     The USPTO duly and lawfully issued Application No. 12/363,781 as U.S. Patent No. 7,809,842 ("the '842 Patent") on October 5, 2010.  A true and correct copy of the '842 Patent is attached hereto as "**Exhibit 5**" and is incorporated herein by reference. The '842 Patent is presumed valid.

38.     Plaintiff is the sole owner of the '842 Patent.

39.     The '842 Patent describes problems and shortcomings in the field of online communications sessions and transferring communications sessions. *See, e.g.,* '842 Patent at col. 1, l. 16 – col. 6, l. 55.

40.     The '842 Patent describes apparatuses and methods that address a technical problem—how to transfer communications and computer sessions from a first device to a second device such that the communication and computer sessions can be continued on the second device. *See, e.g.,* '842 Patent at col. 1, l. 16 – col. 6, l. 55.  The technological improvements described and claimed in the '842 Patent were not conventional, generic, or routine at the time of their respective inventions but involved novel and non-obvious approaches to problems and shortcomings prevalent in the art at the time.  *See, e.g.,* '842 Patent at col. 1, l. 16 – col. 16, l. 21.

41.     As demonstrated by its citation (over 30) by the USPTO in other later-issued patents and reexaminations, the '842 Patent represents a substantial technical improvement in the field of transferring communication and computer sessions.

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=%2Fnetahtml%2FPTO%2Fsearch-adv.htm&r=0&f=S&l=50&d=PTXT&RS=REF%2F7500202&Refine=Refine+Search&Query=R

EF%2F7809842.    The patents citing the '842 Patent include patents assigned to Microsoft Corporation, Hitachi, Google, Sony, and Verizon.

42.    As noted by United States Patents and other publications cited by the '842 Patent, the '842 Patent does not preempt the field of its invention or preclude all methods of transferring communications and computer sessions from a first device to a second device.

43.    Defendant makes, uses, offers for sale, distributes, and sells an apparatus in the United States that infringe at least one claim of the '842 Patent, such apparatus including, but not limited to, the Defendant's Contour HD Receiver (the "Accused HD Device").  The Accused HD Device is a non-limiting example that was identified based on publicly available information, and Plaintiff reserves its right to identify additional infringing activities, products and services, including, for example, on the basis of information obtained during discovery.

44.    The Accused HD Device is an apparatus configured to continue a computer session that initially is between a first device and a second device via transfer of the computer session from the first device to the apparatus, the computer session employing a first communication link between the first device and the second device and the first device configured to operate as a proxy for the apparatus after transfer of the computer session to the apparatus, the apparatus having software stored thereon and configured to perform operations associated with the transfer of the computer session upon execution comprising: enabling a user of the apparatus to request transfer of the computer session; establishing a second communication link between the apparatus and the first device; receiving session context information from the first device corresponding to a context of the computer session on the first device; employing the session context information to continue the computer session on the apparatus via communications between apparatus and the second device, wherein after transfer of the computer session to the apparatus, communications associated

with the computer session and between the apparatus and the second device are sent to and received from the first device using the second communication link.  *See, e.g.,*

https://www.cox.com/residential/tv/tv-equipment.html;

http://forums.cox.com/forum_home/tv_forum/f/tv-forum/18201/watching-a-program-in-more-than-one-room; https://www.cox.com/aboutus/policies.html;

https://www.cox.com/content/dam/cox/residential/support/tv/images/sd_coax.png;

https://www.telcoseek.com/assets/uploads/package/oxbundleguide151872758449.pdf;

http://forums.cox.com/forum_home/tv_forum/f/tv-forum/18201/watching-a-program-in-more-than-one-room;

https://www.cox.com//dam/cox/business/documents/voice/Contour_User_Guide_2018.pdf; https://www.cox.com/residential/support/accessing-and-viewing-contour-2-on-demand-tv-shows-and-movies.html; https://www.youtube.com/watch?v=xipdkIFZmUo;

http://forums.cox.com/forum_home/tv_forum/f/tv-forum/8975/just-bought-a-dvr-dvr-network-is-greyed-out-on-all-the-other-cable-boxes; and

https://www.cox.com/residential/education-center/tv/contour1-dvr.html.

45.     Defendant has infringed, and continues to infringe, at least one claim of the '842 Patent (*e.g.*, claim 18) in the United States by making, using, offering for sale, selling, or importing the Accused HD Device in violation of 35 U.S.C. § 271(a). *See, e.g.*, Preliminary Claim Chart (**Exhibit 6**).

46.     Defendant has also infringed, and continue to infringe, at least as of the date of service of this Complaint, at least one claim of the '842 Patent (*e.g.*, claim 18) by actively inducing others to use, offer for sale, and selling the Accused HD Devices.  Defendant's customers who use those devices in accordance with Defendant's instructions infringe at least one claim of the '842

Patent (*e.g.*, claim 18), in violation of 35 U.S.C. § 271(a). Defendant intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- https://www.cox.com/residential/tv/tv-equipment.html;

- http://forums.cox.com/forum_home/tv_forum/f/tv-forum/18201/watching-a-program-in-more-than-one-room;

- https://www.cox.com/aboutus/policies.html;

- https://www.cox.com/content/dam/cox/residential/support/tv/images/sd_coax.png;

- https://www.telcoseek.com/assets/uploads/package/oxbundleguide151872758449.pdf;

- http://forums.cox.com/forum_home/tv_forum/f/tv-forum/18201/watching-a-program-in-more-than-one-room;

- https://www.cox.com//dam/cox/business/documents/voice/Contour_User_Guide_2018.pdf;

- https://www.cox.com/residential/support/accessing-and-viewing-contour-2-on-demand-tv-shows-and-movies.html;

- https://www.youtube.com/watch?v=xipdkIFZmUo;

- http://forums.cox.com/forum_home/tv_forum/f/tv-forum/8975/just-bought-a-dvr-dvr-network-is-greyed-out-on-all-the-other-cable-boxes; and

- https://www.cox.com/residential/education-center/tv/contour1-dvr.html.

Defendant also induces infringement by others by failing to remove or diminish the infringing features of the Accused HD Device. Defendant is thereby liable for infringement of the '842 Patent under 35 U.S.C. § 271(b).

47.     Defendant will have been on notice of the '842 Patent since, at the latest, the service of this Complaint upon it.  By the time of trial, Defendant will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of at least one claim of the '842 Patent (*e.g.*, claim 18).

48.     Plaintiff has been damaged by Defendant's infringement of the '842 Patent.

<u>**COUNT IV**</u>

(INFRINGEMENT OF U.S. PATENT NO. 8,863,219)

49.     Plaintiff incorporates the above paragraphs by reference.

50.     On December 31, 2008, United States Patent Application No. 12/347,801 entitled "ON SCREEN TELEVISION INPUT MANAGEMENT" was filed with the United States Patent and Trademark Office.  Application No. 12/347,801 is a continuation application of United States Patent Application No. 61/018,261, which was filed on December 31, 2007.

51.     Application No. 12/347,801 issued as the U.S. Patent No. 8,863,219 ("the '219 Patent") on October 14, 2014.  A true and correct copy of the '219 Patent is attached hereto as "**Exhibit 7**" and is incorporated herein by reference.  The '219 Patent is presumed valid.

52.     Plaintiff is the sole owner of the '219 Patent.

53.     The '219 Patent describes problems and shortcomings in the field of delivering television programming including providing an on screen display (OSD) system for managing and navigating television system functionality and input source selection.  *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 1, l. 58.

54.     The '219 Patent describes systems and methods that solve a technical problem— how to provide an OSD system for managing and navigating television system functionality and input source selection.  *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 13, l. 45.

55.     The technological improvements and solutions described and claimed in the '219 Patent were not conventional or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.  *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 13, l. 45.  The inventions claimed in the '219 Patent involve more than just the performance of well-understood, routine or conventional activities known to the industry prior to the invention of such novel and non-obvious systems and devices. *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 13, l. 45.

56.     As demonstrated by its frequent citation (18 as of January 2019) by the United Stated Patent Office in other later-issued patents, the '219 Patent represents a fundamental technical improvement in the area of delivering television programming including providing an on screen display (OSD) system for managing and navigating television system functionality and input source selection. *See*, *e.g.*,

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2Fsearch-adv.htm&r=0&f=S&l=50&d=PALL&Query=ref/8863219.

57.     As noted by the United States Patents, foreign patent documents, and other publications cited by the '219 Patent, the '219 Patent does not preempt the field of its invention or preclude the user of other systems for delivering television programming including providing an OSD system for managing and navigating television system functionality and input source selection.

58.     Defendant imports, uses, offers for sale, and sells Cox HD DVRs in the United States ("Accused Cox Devices").  The Accused Cox Devices are non-limiting examples that were identified based on publicly available information, and Plaintiff reserves the right to identify

additional infringing activities, products and services, including, for example, on the basis of information obtained during discovery.

59.    The Accused Infringing Devices perform method for on-screen managing and navigating television system functionality and input source selection, the method comprising identifying each of a plurality of input signals from a plurality of input sources, each of the plurality of input sources connected to a television system, wherein each of the plurality of input signals is unique to each of the plurality of input sources, and the television system identifies each of the plurality of input signals by analyzing each of the plurality of input signals; generating an on screen menu on a display device of the television system to allow selection of each of the plurality of input sources that have been identified including a display of an input source type or description that was identified wherein an input source on the on screen menu is identified by an input signal, wherein the display is a video content of the content of the input source; receiving a user selection of a menu option corresponding to one of the plurality of input signals; and displaying the input signal on the display device of the television system in response to the user selection.  *See, e.g.,*

https://www.cox.com/residential/tv.html;

https://www.cox.com/residential/tv/tv-equipment.html;

https://www.cox.com/content/dam/cox/residential/support/tv/print_media/contour_users_manual.pdf;    https://www.cox.com/residential/education-center/tv/troubleshooting.html;

https://www.cox.com/residential/support/connecting-a-receiver-to-a-television.html;

https://www.cox.com/content/dam/cox/residential/support/tv/images/hd_hdmi.png;    and

https://www.cox.com/content/dam/cox/residential/support/tv/images/hd_component.png.

60.    Defendant has infringed, and continues to infringe, at least one claim of the '219 Patent (*e.g.,* claim 1) in the United States by making, using, offering for sale, selling, and/or

importing the Accused Cox Devices in violation of 35 U.S.C. § 271(a). *See, e.g.*, Preliminary Claim Chart (**Exhibit 8**).

61.    Defendant has also infringed, and continues to infringe, at least one claim of the '219 Patent (*e.g.,* claim 1) by actively inducing others to use, offer for sale, and sell the Accused Cox Devices. Defendant's customers who use those devices in accordance with Defendant's instructions infringe at least one claim of the '219 Patent (*e.g.,* claim 1), in violation of 35 U.S.C. § 271(a). Defendant intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- https://www.cox.com/residential/tv.html;

- https://www.cox.com/residential/tv/tv-equipment.html;

- https://www.cox.com/content/dam/cox/residential/support/tv/print_media/contour_users_manual.pdf;

- https://www.cox.com/residential/education-center/tv/troubleshooting.html;

- https://www.cox.com/residential/support/connecting-a-receiver-to-a-television.html;

- https://www.cox.com/content/dam/cox/residential/support/tv/images/hd_hdmi.png; and

- https://www.cox.com/content/dam/cox/residential/support/tv/images/hd_component.png.

Defendant also induces infringement by others by failing to remove or diminish the infringing features of the Accused Cox Devices. Defendant is thereby liable for infringement of the '219 Patent under 35 U.S.C. § 271(b).

62.    Defendant will have been on notice of the '219 Patent since, at the latest, the service of this complaint upon it. By the time of trial, Defendant will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least one claim of the '219 Patent (*e.g.,* claim 1).

63.     Plaintiff has been damaged by Defendant's infringement of the '219 Patent.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Enter judgment that Defendant has infringed one or more claims of the '903 Patent literally or the doctrine of equivalents;

B.     Enter judgment that Defendant has infringed one or more claims of the '248 Patent literally or the doctrine of equivalents;

C.     Enter judgement that Defendant has induced infringement and continue to induce infringement of one or more claims of the '248 Patent;

D.     Enter judgement that Defendant has contributed to and continue to contribute to infringement of one or more claims of the '248 Patent;

E.     Enter judgment that Defendant has infringed one or more claims of the '842 Patent literally or the doctrine of equivalents;

F.     Enter judgement that Defendant has induced infringement and continue to induce infringement of one or more claims of the '842 Patent;

G.     Enter judgement that Defendant has contributed to and continue to contribute to infringement of one or more claims of the '842 Patent;

H.     Enter judgment that Defendant has infringed one or more claims of the '219 Patent literally or the doctrine of equivalents;

I.     Enter judgement that Defendant has induced infringement and continues to induce infringement of one or more claims of the '219 Patent;

J.     Enter judgement that Defendant has contributed to and continues to contribute to infringement of one or more claims of the '219 Patent;

K.      Award Plaintiff past and future damages, to be paid by Defendant, in an amount no less than a reasonable royalty and adequate to compensate Plaintiff for such past and future damages, together with pre-judgment and post-judgment interest for Defendant's infringement of the '903 Patent, the '248 Patent, the '842 Patent, and the '219 Patent through the date that such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

L.      Declare this case exceptional pursuant to 35 U.S.C. § 285; and

M.      Award Plaintiff its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  February 1, 2019

OF COUNSEL:

David R. Bennett
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

DEVLIN LAW FIRM LLC

/s/ Timothy Devlin
Timothy Devlin (No. 4241)
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

*Attorneys for Plaintiff*
*Contemporary Display LLC*